

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 9, 2024

**BY ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Gustavo Betancourt*, S2 19 Cr. 661 (VEC)

Dear Judge Caproni:

    The Government respectfully submits this letter in advance of the sentencing of defendant Gustavo Betancourt (the "defendant"). The defendant is scheduled to be sentenced on October 23, 2024, at 2:30 p.m. The United States Probation Office (the "Probation Department") calculates a sentencing range, pursuant to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), of 57 to 60 months' imprisonment and recommends a sentence of 36 months' imprisonment. For the reasons set forth below, the Government respectfully requests that a sentence of at least 36 months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

    **Background**

    **1.**    **The Offense**

    In 2013, the Drug Enforcement Administration ("DEA") and the Colombian National Police ("CNP") began investigating a group of narcotics traffickers based in Colombia, Mexico, and the United States. The traffickers transported heroin into the United States, including New York, and then laundered the proceeds back to Colombia. (Presentence Investigation Report ("PSR") ¶ 11).

    Co-defendant Carlos Alberto Salazar-Lotero was the leader of the group and oversaw the manufacturing, transportation, and distribution of heroin, some of which ended up in New York City. (PSR ¶ 12). During this investigation, the CNP intercepted communications between Salazar-Lotero and his co-defendants regarding the transportation and sale of narcotics. Based on those messages, the DEA was able to intercept heroin shipped to New York City and money generated through the sale of the heroin. (PSR ¶ 12).

    Early in the conspiracy, those intercepted communications led the DEA to identify both the defendant and an apartment in Elmhurst, New York, in or about April 2014. (PSR ¶ 13). The

DEA obtained consent to search the apartment and recovered approximately 6.5 kilograms of heroin and $15,000. (PSR ¶ 13).

### The Defendant's Arrest and Bail

The defendant was arrested on August 19, 2020. (PSR ¶ 27). He was released on bail and has remained on pretrial services supervision since then. (PSR at 1).

### 2. The Defendant's Plea and Guidelines Range

On April 10, 2024, the defendant pled guilty to Count One of the Superseding Information pursuant to a plea agreement (the "Plea Agreement"). (PSR ¶ 4). In the Plea Agreement, the parties stipulated that the offense involved between 3 kilograms and 10 kilograms of heroin, that the defendant was a minor participant in the criminal activity, and that the defendant met the criteria set forth in U.S.S.G. § 5C1.2(1)-(5). (PSR ¶ 5). The parties agreed the defendant's offense level was 23 and that his criminal history category was I, resulting in a guidelines range of 46 to 57 months' imprisonment (the "Stipulated Guidelines Range"). (PSR ¶ 5).

### 3. The Probation Department's Recommendation

The Probation Department calculated the defendant's Sentencing Guidelines range to be 57 to 60 months' imprisonment. (PSR at 23). In particular, the Probation Department determined that U.S.S.G. § 2D1.1(b)(18) did not apply to the defendant because he pled guilty to an offense that did not carry a mandatory minimum sentence.[1] (PSR ¶ 90). The Probation Department recommends a sentence of 36 months' imprisonment. (PSR at 23).

## B. Discussion

### 1. Applicable Law

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing: "a) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just

---

[1] The Government has alerted the Probation Department to the language in U.S.S.G. § 2D1.1 cmt. 21, which states, "[t]he applicability of subsection (b)(18) shall be determined without regard to whether the defendant was convicted of an offense that subjects the defendant to a mandatory minimum term of imprisonment."

punishment for that offense; b) the need to afford adequate deterrence to criminal conduct; c) the need to protect the public from further crimes by the defendant; and d) the need for rehabilitation." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008) (citing 18 U.S.C. § 3553(a)(2)).

### 2. A Below-Guidelines Term of Imprisonment of at Least 36 Months' Imprisonment Is Fair and Appropriate in this Case

The Government respectfully submits that a sentence below the Stipulated Guidelines Range, but of at least 36 months' imprisonment, would be fair and appropriate in this case. The 18 U.S.C. § 3553(a) factors particularly applicable here include: (1) the need for the sentence to reflect the nature of the defendant's conduct and to provide just punishment; (2) promoting respect for the law; and (3) deterring the defendant and individuals similarly situated to the defendant from committing such crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(B).

The Court is well aware of how serious this conduct was. This was a significant conspiracy to import heroin into the United States. The defendant's involvement was limited, but it speaks to the scope of the conspiracy that even in his minor role, he still helped store six kilograms of heroin. Fortunately, the DEA was able to seize that heroin shipment and prevent the harm it would have caused in the community. Still, the defendant's willingness to involve himself in this conspiracy requires an appropriate term of imprisonment.

The need to promote respect for the law and to deter the defendant also weighs in favor of the Government's proposed sentence. After participating in this conspiracy, the defendant did not abandon drug trafficking. Rather, he committed another drug offense in 2019, which resulted in a conviction in 2023. The defendant's decision to continue engaging in narcotics offenses, even after he knew the DEA was investigating his conduct in 2014, shows that the mere threat of prosecution did not successfully deter him. Accordingly, the Government believes that a term of imprisonment is necessary so that the defendant understands the consequences of future criminal conduct.

Similarly, general deterrence requires that the Court impose a term of imprisonment. A sentence of at least 36 months' imprisonment will send a clear signal to others who have followed and may be considering following in the defendant's footsteps that those who participate in drug trafficking, regardless of their roles, will face serious consequences upon their apprehension.

While these factors might typically weigh in favor of a sentence of imprisonment within the Stipulated Guidelines range, the Government considers both the sentences imposed on the co-defendants in this case, as well as the age of the offense, as factors warranting a downward variance. The co-defendants in this case participated in the conspiracy over a longer time and at a higher level. None of them received a minor role adjustment under the Guidelines. Francisco Javier Garcia, the most similarly situated defendant in this case, had the same Guidelines range as the defendant and received a sentence of approximately 38 months' imprisonment.[2] The Government believes that a greater sentence for the defendant could result in unwarranted disparities among the co-defendants. Additionally, while the Government does believe that specific deterrence is applicable here, the fact that this offense occurred over ten years ago, as well as the defendant's

---

[2] Garcia pled guilty to money laundering, rather than a narcotics offense.

unblemished record while on pretrial supervision for several years, both indicate that specific deterrence can be achieved with a sentence below the Stipulated Guidelines Range.

### C.     Conclusion

For the reasons set forth above, a sentence below the Stipulated Guidelines Range of at least 36 months' imprisonment would be fair and appropriate in this case.

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By: _____
       Sheb Swett
       Assistant United States Attorneys
       (212) 637-6522

cc:     Milton H. Florez, Esq. (by ECF)