UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
UNITED STATES OF AMERICA

        -against-

GUSTAVO BETANCOURT,

                Defendant.

-------------------------------X

**NOTICE OF MOTION**

CASE NO. : 1:19-Cr-00661 (VEC)

     **PLEASE TAKE NOTICE** that upon the annexed affirmation of Milton H. Florez, Esq., affirmed on February 2, 2025, and the pleadings herein, the Affirmant, Milton H. Florez, Attorney at law will move this Court, before the Honorable Judge Valerie E. Caproni, United States District Judge, for an order pursuant to Local Civil Rule 1.4 granting application of Milton H. Florez, Esq., to be relieved as counsel for the Defendant, Gustavo Betancourt.
**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: February 2, 2025
       Queens, New York

Respectfully submitted,

Milton H. Florez, Esq.
Attorney for the Defendant
40-50 Junction Boulevard
Corona, New York 11368
718-685-0073
Florezlegal@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                          **AFFIRMATION IN
                                                                                          SUPPORT OF MOTION**

-against-                                                                               CASE NO.: 1:19-Cr-00661 (VEC)

GUSTAVO BENTANCOURT,

                                 Defendant.
-----------------------------------------------------------X

Milton H. Florez, an attorney licensed to practice law in the Courts of the State of New York, affirms under penalty of perjury that:

1. I represent the defendant ("Gustavo") and am fully familiar with the facts and circumstances set forth below. The basis of my knowledge is conversations with Gustavo and the case file maintained in my law office.

2. I submit this affirmation in support of my motion to withdraw as Gustavo's counsel pursuant to Local Criminal Rule 1.4.

3. The basis for my motion is that there has been a complete breakdown in the attorney client relationship such that it is no longer possible for me to continue to represent Gustavo.

4. On March 4, 2024, the government made a written plea offer. **Exhibit A**.[1] The offer was that he plead guilty to one count of violating 18 U.S.C. § 371.

5. On or about March 13, 2024, I met with Gustavo. I gave him a copy of the proposal. We discussed it in detail, he asked questions about it, and I gave him my best professional advice and counsel. At the end of our meeting, Gustavo told me that he wanted to accept the offer. I then contacted the government and advised the assigned AUSA that Gustavo

---

[1] This is my office copy. The fully signed agreement is on file with the Court.

1

accepted their proposed plea.

6. On March 28, 2024, Gustavo signed the plea agreement in Court. Page 4 of the agreement states that "The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

7. On March 28, 2024, the Court began Gustavo's plea allocution. For all of the reasons stated on the record on that date, the allocution was adjourned.

8. On April 10, 2024, the Court completed the plea allocution.

9. Following the usual pre-sentencing proceedings, Gustavo's sentencing was scheduled for October 23, 2024.

10. On that date, Gustavo for the very first time informed the Court, the government, and me, that in sum and substance he was not ready to be sentenced because he was not guilty of the crime he agreed he was guilty of in writing on March 28, 2024, and to which he allocuted on April 10, 2024.

11. As a result of these developments, the Court assigned him conflicts counsel and adjourned the sentencing.

12. Also on that date, my recollection is that the Court expressed a concern or opinion or belief that I had somehow attempted to enter an *Alford* plea for my client or something or a similar nature.

13. Conflicts counsel subsequently reported or disclosed to the Court that he was in possession of certain discovery materials which in his opinion supported Gustavo's claim of innocence.

14. This Court has "considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enters, LLC v. A.V.E.L.A.*, Inc., 2014 U.S. Dist. LEXIS 37574, at *6, 2014 WL

1087934 (S.D.N.Y. Mar. 19, 2014).

15. District Courts consider two (2) factors when deciding whether to grant a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 16674, at *1, 2011 WL 672245 (S.D.N.Y. Feb. 17, 2011).

16. Local Civil Rule 1.4 also requires an attorney to indicate whether he is asserting a retaining or charging lien and to serve a copy of her application to withdraw upon the client.

17. The reasons for my request are: (1) I am unable to ethically reconcile or justify Gustavo's change of position between his written admission of actual guilt on March 28, 2024, and his repudiation of that admission on October 23, 2024, (2) his assigned conflicts counsel has taken the position that there is evidence to support Gustavo's claim of innocence, and (3) any application that Gustavo may file to withdraw his plea and proceed to trial will almost certainly involve allegations that I provided ineffective, negligent, or otherwise improper advice and counsel.

18. These facts make it impossible for me to continue as his counsel.

19. In addition, it is my understanding that Gustavo wishes to discharge me as his attorney and to move forward with his conflicts counsel.

20. At this stage of the proceedings, there is no harm or prejudice to the government or the timing of these proceedings in permitting my withdrawal.

21. Gustavo has a right to move to vacate his plea regardless of whether he is represented by me, his conflicts counsel, or proceeds *pro se*.

22. I am not asserting a retaining lien against Gustavo.

23. Finally, with regard to the issue of an *Alford* plea, I would like to state without condition or reservation that I have not in this or any other case attempted to enter a plea that was not disclosed to and approved by the Court and the prosecution.

24. Gustavo admitted his actual guilt in writing when he signed the plea agreement, which necessarily precludes an *Alford* plea.

25. And the government has not expressed any concerns or views that I am aware of indicating I had done anything improper in connection with the negotiation and execution of the plea agreement and allocution.

26. I have served a copy of my motion papers and exhibits on Gustavo by postal mail.

**WHEREFORE**, I respectfully request that I be permitted to withdraw as the defendant's counsel, and that the Court grant such other, further, and different relief as it deems just and proper under the circumstances.

Dated:  Corona, New York
        February 2, 2025

/s/ Milton H. Flórez
Law Offices of Milton H. Flórez, P.C.
Attorney for Defendant
40-50 Junction Blvd.
Corona, New York 11368
717-685-0073
florezlegal@gmail.com

## CERTIFICATION

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF), on February 2, 2025.

Respectfully submitted,

Milton H. Florez, Esq.
Attorney for the Defendant
40-50 Junction Boulevard
Corona, New York 11368
718-685-0073
Florezlegal@gmail.com

# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 4, 2024

**BY EMAIL**
Milton H. Florez, Esq.
Law Office of Milton H. Florez, P.C.
40-50 Junction Boulevard
Corona, Queens, N.Y. 11368
florezlegal@gmail.com

Re:    *United States v. Gustavo Betancourt*, S2 19 Cr. 661 (PAC)

Dear Mr. Florez:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Gustavo Betancourt ("the defendant") to Count One of the above-referenced Superseding Information. Count One charges the defendant with conspiracy to distribute controlled substances, in violation of Title 18, United States Code, Section 371, and carries a maximum term of imprisonment of five years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571 of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for his involvement in a conspiracy to distribute controlled substances from between in or about 2013 and in or about September 2019, as charged in Count One of the Superseding Information, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the Superseding Information and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, a sum of money representing proceeds traceable to the commission of said offense (the "Money Judgment"). It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the

2023.11.18

entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

A. Offense Level

1. The applicable Guidelines manual is the November 1, 2023 edition.

2. The Guideline applicable to Count One is U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(4), the base offense level is 32 because the offense involved at least 3 kilograms but less than 10 kilograms of heroin. However, because the defendant receives a reduction under U.S.S.G. § 3B1.2(b), the offense level is further reduced by two levels, pursuant to U.S.S.G. § 2D1.1(a)(5).

3. Pursuant to U.S.S.G. § 3B1.2(b), a two-level decrease is warranted because the defendant was minor participant in any criminal activity.

4. Based on information currently available to the Government, the defendant appears to meet the criteria set forth in subdivisions (1)-(5) of subsection (a) of U.S.S.G. § 5C1.2. *Safety Valve* Therefore, pursuant to U.S.S.G. § 2D1.1(b)(18), a two-level decrease is warranted. *(2 pts)*

5. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 23.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has one criminal history point, calculated as follows:

1. On December 19, 2019, the defendant was convicted in Bronx County Supreme Court to one count of criminal sale of a controlled substance in the fifth degree, a felony, in violation of New York Penal Law, Section 220.31. The defendant was sentenced to

time served. Pursuant to U.S.S.G. § 4A1.1(c), this sentence results in one criminal history point.

In accordance with the above, the defendant's Criminal History Category is I.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 46 to 57 months' imprisonment. In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 23, the applicable fine range is $20,000 to $200,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from

2023.11.18

those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 46 to 57 months' imprisonment and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $200,000, and the Government agrees not to appeal any fine that is greater than or equal to $20,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

2023.11.18

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Sheb Swett
Assistant United States Attorney
(212) 637-6522

APPROVED:

_____
Nicholas Chiuchiolo
Co-Chief, Narcotics Unit

AGREED AND CONSENTED TO:

_____                  _____
Gustavo Betancourt                       DATE

APPROVED:

_____                  _____
Milton H. Florez, Esq.                   DATE
Attorney for Gustavo Betancourt

2023.11.18